UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. GARCIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TANI CANTIL-SAKAUYE, et al.,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-01077-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>(Doc. 1)<br><br>14-DAY DEADLINE |

Plaintiff brings this action against governmental officers or employees for alleged constitutional violations. Plaintiff alleges that that Tani Cantil-Sakauye violated his Fourteenth Amendment due process and equal protection rights by denying his state petition for writ of habeas corpus and that Randolf Grounds and Ken Allen violated his Fourteenth Amendment due process and equal protection rights in denying him parole, entitling him to a new parole hearing and damages. (Doc. 1.) The Court finds that Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983. The Court further finds that the deficiencies in the complaint cannot be cured by amendment and therefore recommends dismissal of this action. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012).

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The standard for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) is the same as the standard for dismissal under Federal Rule of Civil Procedure Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

## II.   PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572

F.3d 677, 681 (9th Cir. 2009) (*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008)). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Linkage and Causation

Prisoners may bring section 1983 claims for violations of constitutional or other federal rights by persons acting "under color of state law." 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that a person may be liable under section 1983 for an affirmative act, participation in another's affirmative acts, or omission of an act that he is legally required to do, causing the deprivation of a constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff provides minimal facts to support his claims for a new parole hearing. In his first claim, he alleges that Defendant Cantil-Sakauye, a California Supreme Court Justice,[1] improperly denied his state petition for writ of habeas corpus. (Doc. 1 at 4.) According to Plaintiff, he submitted documents and exhibits in support of his petition, including numerous support letters from community and family members and "laudatory chronos" from several Department of Corrections staff members. *Id.* According to Plaintiff, Chief Justice Cantil-Sakauye's citation to *People v. Duvall*, 886 P.2d 1252 (Cal. 1995), indicates that the court "ignored" all of the documentary evidence submitted by Plaintiff. *Id.*

Plaintiff brings his second claim against Defendant Grounds, Board of Parole Hearings ("BPH") Commissioner, and Defendant Allen, BPH Deputy Commissioner. *Id.* at 6. Plaintiff generally alleges that Grounds and Allen "engaged in collusion" to deny Plaintiff state-created and Fourteenth Amendment rights. Plaintiff also alleges that Defendants received "confidential" information days before the hearing but denied Plaintiff an opportunity to examine them. *Id.* at 8.

---

[1] Defendant Cantil-Sakauye currently serves as the Chief Justice of the California Supreme Court.

## IV. DISCUSSION

### A. Official-Capacity Liability

Plaintiffs can sue governmental actors in their individual or official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985). When a plaintiff sues a state actor in his individual capacity, the suit "seek[s] to impose personal liability upon . . . [the] official for actions he takes under color of state law." *Id.* at 165. To establish personal liability in a section 1983 case, the plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166 (citation omitted).

On the other hand, when a plaintiff sues a state actor in her official capacity, the suit is against an entity of which the officer is an agent. *Id.* at 165 (internal quotation marks and citation omitted). A suit against a state official in her official capacity should be treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). A governmental entity is liable under section 1983 when it is a "moving force" behind in the constitutional violation, that the entity's policy or custom played a part in the violation. *Graham*, 473 U.S. 159 (1985) (citations omitted). When a plaintiff seeks injunctive relief against the State, he is not required to allege that the named individual committed the constitutional violation. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citing *Hafer*, 502 U.S. at 25; *Graham*, 473 U.S. at 166). "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann*, 707 F.3d at 1127 (citations omitted).

Although Plaintiff does not specify whether the claims are brought against Defendants in their official or individual capacities, the factual allegations of the complaint reference only Defendants' official actions as agents of the State.

### B. Judicial Immunity

Judges enjoy absolute immunity from civil rights suits to protect the integrity of the judicial decision-making process. *Sellars v. Procunier*, 641 F.2d 1295, 1299 (9th Cir. 1981); *see also Marks v. Stewart*, 68 F. App'x 53 (9th Cir. 2003); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986). The judge's sole task is to make impartial decisions, and judges should not

decide cases with the "threat of constant litigation . . . by disappointed litigants" or the "fear that unsatisfied litigants may hound (them) with litigation charging malice or corruption." *Id.* (quoting *Butz v. Economou*, 438 U.S. 478, 512 (1978); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Additionally, the time spent defending retaliatory suits and vexatious litigation could severely impact a judge's ability to perform her primary duties. *Sellars*, 641 F.2d at 1300.

In his first claim, Plaintiff alleges that Chief Justice Cantil-Sakauye improperly denied his state petition for writ of habeas corpus. Because the Chief Justice is entitled to absolute judicial immunity, Plaintiff has failed to state a claim upon which relief can be granted.

### C. Quasi-Judicial Immunity

The Ninth Circuit has also determined that parole board officials are entitled to absolute quasi-judicial immunity from suits from prisoners over decisions to grant, deny, or revoke parole. *Id.* at 1303. In making such decisions, parole board officials perform tasks "functionally comparable" to the decision-making roles of judges, and they are subject to the same threat of constant litigation by prisoners disappointed by parole decisions. *Id.*; *Weeks v. Tufono*, 444 F. App'x 976 (9th Cir. 2011); *Swift v. California*, 384 F.3d 1184, 1188–89 (9th Cir. 2004).

In his second claim, Plaintiff complains that Defendants Grounds and Allen colluded to deny Plaintiff's Fourteenth Amendment due process and equal protection rights. However, his allegations concern only the Defendants' decision-making process in Plaintiff's suitability hearing and their denial of parole. Under these circumstances, absolute quasi-judicial immunity protects the Defendants from liability, and his second claim should be dismissed for failure to state a claim upon which relief can be granted.

### V. CONCLUSION

In summary, Plaintiff's complaint fails to state a claim upon which relief can be granted because Defendants are entitled to absolute immunity under the facts of this case. The Court finds that no amendment will cure this bar to suit. The Court therefore **RECOMMENDS** the dismissal of this action without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 21, 2021__            _____/s/ Jennifer L. Thurston
                                     CHIEF UNITED STATES MAGISTRATE JUDGE