UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. GARCIA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TANI CANTIL-SAKAUYE, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-01077-NONE-JLT (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND DIRECTING THE CLERK OF THE COURT TO CLOSE THIS CASE</u> |

Plaintiff David R. Garcia, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff alleges that that defendant Tani Cantil-Sakauye, Chief Justice of the California Supreme Court, violated his Fourteenth Amendment due process and equal protection rights by denying his petition for writ of habeas corpus filed with the state's highest court and that defendants Randolf Grounds and Ken Allen violated his Fourteenth Amendment due process and equal protection rights by denying him parole, thereby entitling him to a new parole hearing and damages. (Doc. No. 1.) On April 21, 2021, the assigned magistrate judge screened the complaint and determined that it fails to state a cognizable claim under 42 U.S.C. § 1983. (Doc. No. 12.) In particular, the magistrate judge found that defendant Cantil-Sakauye is entitled to absolute judicial immunity, and defendants Grounds and Allen, as California Parole Board officials, are

entitled to absolute quasi-judicial immunity from suits from prisoners over decisions to grant, deny, or revoke parole. (*Id.* at 5.) The magistrate judge further found that the deficiencies of plaintiff's complaint cannot be cured by amendment and therefore recommended dismissal of this action with prejudice. (*Id.*) Plaintiff filed objections, received by the court on May 7, 2021, to the pending findings and recommendations. (Doc. No. 15.) Therein, plaintiff cites to a number of legal propositions, but none refute the findings that the named defendants are protected under the law from liability in this case by absolute immunity.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on April 21, 2021 (Doc. No. 12) are adopted in full;
2. This action is dismissed with prejudice; and
3. The Clerk of the Court is directed to assign a district judge to this action for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **May 28, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also objects to the magistrate judge dismissing his action in light of the fact that he has not consented to magistrate judge jurisdiction in this case. (Doc. No. 13 at 1.) This objection is without merit because the magistrate judge has only recommended dismissal. By this order, the undersigned is reviewing that recommendation *de novo* and is making the determination of whether dismissal is appropriate.